No. 53,759

Vaughn James Hemry, *Appellant,* v. The State Board of Pharmacy of the State of Kansas, *Appellee.*

(652 P.2d 670)

Opinion filed October 22, 1982.

*David R. Gilman,* of David R. Gilman & Associates, of Overland Park, argued the cause, and *J. Steven Schweiker,* of the same firm, was with him on the brief for appellant.

*Robert E. Davis,* of Davis, Davis, McGuire & Thompson, Chartered, of Leavenworth, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

Holmes, J.: This is an appeal by Vaughn James Hemry from an order of the district court affirming a decision of the Kansas State Board of Pharmacy (the Board) revoking his pharmacy registration for alleged violations of two administrative regulations promulgated by the Board. Appellant contends that the decision of the Board was arbitrary, capricious, unlawful and unreasonable, and in addition that the punishment ordered was too severe.

During the course of an unrelated investigation, detectives from the Federal Drug Enforcement Agency and the City-County Investigative Squad (C-CIS) of Johnson County, Kansas, discovered certain suspicious entries in the records of Mr. Hemry at the Shawnee Mission Pharmacy, Inc., located in Mission, Kansas.

On the 23rd of January, 1981, pursuant to provisions of the Uniform Controlled Substances Act, K.S.A. 65-4101 *et seq.,* the

Board issued an order for Hemry to appear and show cause why his registration should not be revoked. The basis for the show cause order was the alleged violation of K.A.R. 68-20-22(b) and K.A.R. 68-20-15.

K.A.R. 68-20-22(b) establishes the dosage limitations for the sale of certain nonprescription controlled substances designated as Schedule V items. It provides that:

"Not more than 240 cc. (8 ounces) of any such controlled substance containing opium, nor more than 120 cc. (4 ounces) of any other such controlled substance nor more than forty-eight (48) dosage units of any such controlled substance containing opium, nor more than twenty-four (24) dosage units of any other such controlled substance may be dispensed at retail to the same purchaser in any given forty-eight (48) hour period."

K.A.R. 68-20-15 requires certain security measures to be taken regarding controlled substances. Section (1) provides:

"All applicants and registrants shall provide effective controls and procedures to guard against theft and diversion of controlled substances."

Cheracol, a cough syrup containing codeine, is a Schedule V controlled substance within the meaning of the act and the regulations and falls within the category of substances of which no more than 4 ounces maybe dispensed to any one purchaser in any 48-hour period.

At the hearing before the Board, Detective Richard Darnell, of the C-CIS testified that Hemry's own records revealed that 256 four-ounce (twenty-four dosage unit) bottles of Cheracol were purchased by one Marilyn Layman during the period from January 5, 1979, to August 22, 1980. From January 1, 1980, to August 21, 1980, Layman purchased 117 bottles of the preparation. According to the detective's testimony, the records from Mr. Hemry's pharmacy indicated that 30 of those purchases had been made by Layman within twenty-four hours of prior purchases and three of her purchases were on the same day.

The evidence further revealed that on a number of occasions Layman had signed other person's names in order to receive the drug. Cheracol is a nonprescription over-the-counter drug which, under K.A.R. 68-20-22(d) and (e), can only be purchased when the buyer produces suitable identification and then signs his name and provides his address in the pharmacist's narcotics register. The pharmacist making the individual sale then marks his name or initials in the register also. Detective Darnell testified that he

checked on the other names and addresses furnished by Layman and found some of the people to be fictitious or deceased and the addresses nonexistent. The records indicated it was Mr. Hemry who made the sales to Layman.

Ms. Layman testified before the Board and admitted that she was dependent on the drug. She also testified that in order to purchase the drug she had in fact signed the names of other persons who were not the intended users of the drug and who were not present with her at the times the purchases were made. She said she made her purchases from Hemry.

Mr. Hemry admitted in argument to the district court, and has admitted before this court, that he violated K.A.R. 68-20-22(b) and sold the controlled substance to Ms. Layman in violation of the statutes and regulations.

Appellant has argued throughout these proceedings that there was actually no violation of the provisions of K.A.R. 68-20-15. He also contends that since the revocation penalty was based on the Board's collective findings that *both* regulations were violated, the revocation cannot stand if it is shown that only one regulation was in fact violated.

Mr. Hemry argues that the word "diversion" in K.A.R. 68-20-15 refers to those occurrences where the druggist himself or someone in his store is using the drugs or when they are being distributed outside of normal business channels. The regulation requires pharmacists to employ effective procedures to prevent theft or diversion of controlled substances. Since there is absolutely no evidence of theft in this case, and since the controlled substance here was dispensed within normal business channels, Hemry argues there was no violation of K.A.R. 68-20-15.

The Board, however, does not take such a narrow view of the term "diversion." In its view, diversion occurs when the drug is used for other than its appropriate medicinal purposes. See K.S.A. 65-4123($d$). When Hemry's dispensing procedures allowed Layman, a drug abuser, to purchase the drug on a number of occasions in violation of the dosage regulation, the Board ruled his procedures failed to effectively prevent diversion.

While the courts of this state need not always accept an administrative agency's interpretation of its own regulations, (*In re McGhee,* 5 Kan. App. 2d 461, 618 P.2d 859 [1980]), it has long been recognized that, in order to insure effectiveness and uni-

formity, an agency's own interpretation of its regulations will be given great weight and, in some cases, controlling weight. *Columbian Fuel Corp. v. Panhandle Eastern Pipe Line Co.*, 176 Kan. 433, Syl. ¶ 2, 271 P.2d 773 (1954).

In this case, the Board's interpretation of the term "diversion" used in its own regulation appears to be consistent with the statutes and should be afforded controlling weight. The Board's definition is consistent with the obvious purpose of the Uniform Controlled Substances Act to prevent or reduce the risk to the public health and the potential abuse of addictive substances. Mr. Hemry's careless distribution of the drug Cheracol allowed Layman to divert the substance in a manner that was actually detrimental to her health.

Appellant's argument that there was no violation of K.A.R. 68-20-15 is without merit.

Finally, appellant contends that the revocation of his pharmacist registration is too severe a sanction for his mere technical violation of the regulations. The court's scope of review in this type of appeal from the decision of an administrative agency is narrow. A district court and this court cannot substitute its judgment for that of the administrative board and our review is limited to a determination whether:

"[A]s a matter of law, (1) the tribunal acted fraudulently, arbitrarily or capriciously, (2) the administrative order is substantially supported by evidence, and (3) the tribunal's action was within the scope of its authority." *Kansas State Board of Healing Arts v. Foote,* 200 Kan. 447, Syl. ¶ 1, 436 P.2d 828 (1968).

Appellant has admitted the violation took place and the action taken by the Board was obviously within the scope of its authority. While another tribunal might not have inflicted such a severe punishment, we cannot substitute our judgment for that of the Board. Appellant has shown no valid reasons which would justify a reversal of the trial court's decision.

The judgment is affirmed.

FROMME, J. not participating.