(673 P.2d 451)
No. 55,310

DAN O. CAIN, *Appellant,* v. KANSAS CORPORATION COMMISSION, *Appellee.*

Opinion filed December 22, 1983.

*Steven M. Dickson* of McCullough, Wareheim & LaBunker, of Topeka, for the appellant.

*Brian J. Moline,* general counsel, and *Dennis D. Ahlers,* assistant general counsel, for the appellee.

Before SPENCER, P.J., JEROME HARMAN, C.J. Retired, assigned, and STEVEN P. FLOOD, District Judge, assigned.

HARMAN, C.J. Retired: Dan O. Cain, a longtime state employee, appeals from summary judgment denying his claim for breach of his employment contract and for retaliatory discharge.

Appellant Cain commenced state employment in April, 1954. He worked for the State Board of Agriculture until January, 1969, when he was promoted to a position as securities examiner with the defendant Kansas Corporation Commission (KCC).

On November 18, 1977, the State Department of Administration abolished the position of securities examiner and reclassified it as auditor I. Because the reclassification amounted to promotion, appellant was placed on probationary status for six months as required by K.A.R. 1-8-1 *et seq.* (1978). On May 4, 1978, his job performance was rated "fair" and his superiors requested that he resign. Normal procedure in such cases would be to return the employee to his former position, but appellant's former position had been abolished. Cain refused to resign and he was discharged May 17, 1978.

Appellant did not pursue his administrative remedy (K.A.R. 1-9-3 [1978]) respecting the "fair" rating, which under appropriate regulations led to his discharge, but instead filed a lawsuit in federal district court against individual KCC officials because of their adverse actions in dismissing him. He knew he had the right to pursue his administrative remedy but did not do so because his superior told him that "of course" he, the superior, would appoint the appeal committee; hence appellant believed that appeal would be futile.

The federal court dismissed an outrage count and a count based on discharge without due process. We are told by the parties that a third count in federal court based on discrimination because of political beliefs and party affiliation has been disposed of by agreement. It also appears from a somewhat inadequate record that three breach of contract claims in federal court

were similarly disposed of, including one for retaliatory discharge.

Appellant also filed this action against KCC, seeking damages for breach of contract, affirmative action violations and retaliatory discharge. As in federal court, he alleged an administrative appeal would have been futile.

The trial court ruled by way of summary judgment that the federal court order denying appellant's due process claims barred litigating the same issues in the state court. The court also ruled that his allegations were insufficient to show his administrative remedies would have been futile. Appellant alleged in support of his retaliatory discharge claim that he was dismissed for his outspoken advocacy for consumers and investors. The trial court ruled that no claim for relief was stated. We affirm both rulings.

The elements of collateral estoppel were stated in *Bud Jennings Carpets & Draperies, Inc. v. Greenhouse,* 210 Kan. 92, 96, 499 P.2d 1096 (1972), thus:

"The doctrine of collateral estoppel may be invoked as a bar to litigating an issue when the following is shown (1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment, (2) the parties must be the same or in privity therein and (3) the issue litigated must have been determined and necessary to support the judgment."

See *Williams v. Evans,* 220 Kan. 394, 396, 552 P.2d 876 (1976).

"[T]he doctrine of collateral estoppel prevents a second litigation of the same issues between the same parties or their privies even in connection with a different claim or cause of action." *Goetz v. Board of Trustees,* 203 Kan. 340, Syl. ¶ 6, 454 P.2d 481 (1969).

Appellant concedes that KCC and the individual defendants in the federal action are in privity, but he asserts the federal court did not decide the breach of contract issues raised in state court. This argument has no merit.

The federal court dismissed appellant's breach of contract, due process and discrimination claims for failure to exhaust administrative remedies. Appellant alleged that route would have been futile but the federal court expressly disagreed, citing Kansas law. The federal court decided on the merits precisely the same issue raised a second time in state court. The issues, as distinguished from the claims, were essentially the same.

A dismissed civil service employee must ordinarily exhaust his

or her administrative remedies before bringing an independent action to challenge dismissal. *Pecenka v. Alquest,* 232 Kan. 97, 99-100, 652 P.2d 679 (1982).

In *Highman v. Marquez,* 5 Kan. App. 2d 158, 159, 613 P.2d 394 (1980), the court noted that a party need not exhaust administrative remedies where such resort would clearly be futile, but, quoting 2 Am. Jur. 2d, Administrative Law § 605, pp. 441-42, stated: " '[T]he mere fact that the administrative agency will probably deny the relief which would be asked of them is no ground for asserting that it would be futile to resort to the administrative agency.' "

There is a presumption that administrative agencies will act fairly, reasonably and impartially. *Meyersick v. Rodney Milling Co.,* 213 Kan. 678, 680, 518 P.2d 398 (1974).

In *Crane v. Mitchell County U.S.D. No. 273,* 232 Kan. 51, Syl. ¶ 6, 652 P.2d 205 (1982), the court held:

"The mere fact an administrative board is involved in the investigation of alleged improper conduct does not, without more, create the risk of bias or prejudgment sufficient to render that body incapable of fairly adjudicating the merits of the case."

The court further ruled that a party must show actual bias to overcome the presumption that an administrative body will act fairly and impartially. 232 Kan. at 62.

Applying our own law in the case at bar, and there being no material factual issue, we are satisfied that as to Cain's contract claims the trial court correctly entered summary judgment on the ground of collateral estoppel.

We turn to the trial court's ruling that no claim for relief for retaliatory discharge was stated. This tort has only recently come into our jurisprudence. *Murphy v. City of Topeka,* 6 Kan. App. 2d 488, 493-97, 630 P.2d 186 (1981). See also Note, *Employment at Will: Emerging Protections for the Employee,* 22 Washburn L.J. 491, 511-12 (1983); Note, *Protecting at Will Employees against Wrongful Discharge: The Duty to Terminate Only in Good Faith,* 93 Harv. L. Rev. 1816 (1980).

This new tort is an exception to and in mitigation of the longstanding principle that an at-will employee can be terminated at any time, with or without cause. (In the case at bar Cain had become a probationary employee, without tenure.) The exception has mostly been where the discharge from employ-

ment seriously contravened a very clear public policy. See Annot., 12 A.L.R. 4th 544, § 4 (a). In *Murphy,* the reason for discharge was the employee's refusal to withdraw a claim for workmen's compensation.

Here, appellant's claim is that he was terminated because of his outspoken advocacy for consumers and investors. In essence he argues this was in frustration of the objects of the Kansas securities act (K.S.A. 17-1252 *et seq.*) concerning which this has been said:

"The purpose of the Kansas securities act is to place the traffic of promoting and dealing in speculative securities under rigid governmental regulation and control to protect investors, thereby preventing, so far as possible, the sale of fraudulent and worthless speculative securities." *State v. Hodge,* 204 Kan. 98, Syl. ¶ 1, 460 P.2d 596 (1969).

The claim here focuses on an attitude, a vague and nebulous thing at best. Appellant has pointed out instances in which he expressed this attitude. It appears that in his job with KCC he had no role to make policy, rather, his role was to carry it out, as found by the trial court.

The doctrine of separation of powers and of deference to agency expertise requires that administrative agencies be given a great deal of discretion in carrying out their duties. *Boswell, Inc. d/b/a Reno County Adult Care Home v. Harkins,* 230 Kan. 610, 612-13, 640 P.2d 1202 (1982). Courts may not substitute their judgment for that of an administrative agency. See *Hemry v. State Board of Pharmacy,* 232 Kan. 83, 85-86, 652 P.2d 670 (1982). Courts cannot inquire into the wisdom of an administrative decision or policy. In *Klassen v. Regier,* 195 Kan. 61, 64, 403 P.2d 106 (1965), the court said:

"Error of judgment does not invalidate discretion exercised in good faith. In other words, judicial power may not be interposed to limit or direct the exercise of discretion by administrative officials with respect to matters pending within their authority and control, except where there is a manifest and flagrant abuse of that discretion."

Clearly, how best to enforce the Kansas securities act is a matter within the agency's discretion. Appellant has not alleged that agency policy toward consumers and investors was fraudulent, arbitrary or beyond its statutory authority. He has based his claim on his personal opinion as to how the agency should exercise its discretion. His personal opinion on how KCC should

carry out the statutory purposes of the securities act is not public policy. No public policy was shown to have been contravened by the discharge. The trial court correctly concluded that appellant had failed to state a claim for relief for retaliatory discharge.

Judgment affirmed.