(747 P.2d 179)
No. 60,171

EXCEL CORPORATION, *Appellant,* v. THE KANSAS DEPARTMENT OF HUMAN RESOURCES, LABOR MANAGEMENT RELATIONS AND EMPLOYMENT STANDARDS DIVISION, and MONTE K. RUSSELL, *Appellees.*

—

Opinion filed December 10, 1987.

*Robert D. Overman,* of Martin, Churchill, Overman, Hill & Cole, Chartered, of Wichita, for the appellant.

*Karl V. Cozad,* staff counsel, Kansas Department of Human Resources, for the appellees.

Before DAVIS, P.J., BRISCOE and SIX, JJ.

SIX, J.: Excel Corporation (plaintiff-appellant) appeals the decision of the district court which affirmed the Department of Human Resources' finding that Excel was liable to Monte K. Russell on his claim for wages under the Kansas Wage Payment Act, K.S.A. 44-313 *et seq.*

Excel contends that: (1) the hearing officer's findings are contrary to the evidence and to the law of Kansas as to employment contracts; and (2) the hearing officer and trial court erred in

interpreting K.S.A. 44-319(a)(3). This court finds no error and affirms the judgment.

Monte K. Russell worked at the Excel meat processing facility in Dodge City from June 13 to July 9, 1984. His job as a shank boner required him to use several pieces of specialized equipment, including a mesh arm guard, a steel apron, a mesh glove, and a meat hook.

The equipment was stored in a company provided locker at the job site. Excel owned the equipment and issued it to employees with the exception of the rubber boots and ceramic steel knife sharpeners (items not in issue). Excel attempted to keep the equipment and reuse it. It was Excel's policy when an employee left to issue the same equipment to a new employee. Excel asserted all rights of ownership to the equipment in question. Russell was not permitted full possession or control over the equipment.

One morning when reporting for work, Russell discovered that his locker door was standing open with several pieces of safety equipment missing. The only items remaining in the locker were two hard hats and a hair net. He reported the theft and was informed that if he found the lock from his locker to demonstrate the locker had been burglarized, he would not have to pay the replacement cost of the missing items. He secured from Excel replacement equipment because he knew that he would not be allowed to work without it. In so doing, he signed an employee purchase card which authorized Excel to withhold the cost of the missing items from his pay. On returning to his locker, he found the broken padlock and turned it in. When Russell received his pay, a deduction had been made for the missing items. He spoke to the personnel office and was informed that the money would be deducted from his check until the items were paid for. Russell stopped working at Excel on July 9, 1984. When Russell left Excel's employment, Excel kept the items of equipment Russell had purchased to replace those which had been stolen from the Excel locker room and paid for through the deductions from his wages.

On August 6, 1984, Russell filed a claim for wages with the Kansas Department of Human Resources (KDHR), claiming $185 in wages owed to him. The KDHR determined that Russell

should not have been required to pay for the safety equipment and awarded him $165.94 in wages plus $17.98 in interest. Excel appealed to the Shawnee County District Court, which affirmed the KDHR decision. Excel now appeals to this court.

## SCOPE OF REVIEW

The legislature has codified the applicable scope of review in the act for judicial review and civil enforcement of agency actions, K.S.A. 77-601 *et seq*. K.S.A. 77-621 provides in relevant part:

"(c) The court shall grant relief only if it determines any one or more of the following

. . . .

"(4) the agency has erroneously interpreted or applied the law;

. . . .

"(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act."

This case involves the interpretation of a statute, K.S.A. 44-319, and an administrative regulation, K.A.R. 49-20-1(a)(2).

"The interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature. In determining questions of law, the trial court may substitute its judgment for that of the agency only where the statute is clear and where the administrative agency is erroneous. Ordinarily, the interpretation placed on a statute by the administrative agency charged with its enforcement is entitled to a great deal of judicial deference and may be of controlling significance. [Citations omitted.]" *D S G Corp. v. Shelor*, 239 Kan. 312, 315, 720 P.2d 1039 (1986).

## K.S.A. 44-319 AND K.A.R. 49-20-1(a)(2)

Counsel agreed at oral argument that the statute- regulation interpretation issue is one of first impression.

Excel contends that the KDHR hearing officer's findings are not supported by the evidence and that the hearing officer erroneously interpreted K.S.A. 44-319 and K.A.R. 49-20-1(a)(2). K.S.A. 44-319 provides in part:

"(a) No employer may withhold, deduct or divert any portion of an employee's wages unless: (1) The employer is required or empowered to do so by state or federal law; (2) the deductions are for medical, surgical, or hospital care or service, without financial benefit to the employer, and are openly, clearly and in due course recorded in the employer's books; or (3) *the employer has a signed*

*authorization by the employee for deductions for a lawful purpose accruing to the benefit of the employee."* (Emphasis added.)

K.A.R. 49-20-1(a)(2) specifically identifies certain deductions which do not accrue "to the benefit of the employee":

"The following deductions *shall not be* considered authorized deductions 'accruing to the benefit of the employee' within the meaning of K.S.A. 44-319(a)(3):

"(A) Deductions made for cash and inventory shortages; breakage; returned checks or bad credit card sales; *losses to employers resulting from burglaries, robberies, or alleged negligent acts.*

"(B) deductions made for uniforms, special tools or special equipment which are not necessary to the performance of the assigned duties and *are customarily supplied* by the employer;

"(C) *any other deduction* not set out by K.S.A. 44-313 *et seq.* or permitted by these rules and regulations." (Emphasis added.)

The KDHR hearing officer determined that the deduction from Russell's pay was for an employer's burglary loss and thus prohibited by K.S.A. 44-319 and K.A.R. 49-20-1(a)(2)(A). Excel contends that the hearing officer erred by not addressing K.A.R. 49-20-1(a)(2)(B), which, it claims, permits deductions for equipment which is necessary to the performance of the employee's assigned duties and is not customarily supplied by the employer. It is apparent, however, that the hearing officer did consider Excel's argument regarding the applicability of K.A.R. 49-20-1(a)(2)(B).

In paragraphs 23-25 of his findings of fact, the officer found:

"23) That Respondent interpreted paragraph (B) of K.A.R. 49-20-1(a)(2) to mean its logical converse, namely, that *all* deductions for uniforms, special tools, or special equipment *would* be considered 'deductions accruing to the employee's benefit' within the meaning of K.S.A. 44-319(a)(3) so long as the equipment is either necessary to the performance of the assigned duties or is not customarily supplied by the employer.

"24) That in the considered judgment of the hearing officer, paragraphs (A), (B), and (C) of K.A.R. 49-20-1(a)(2) must be read together, *in pari materia*, to properly interpret them.

"25) That Respondent's interpretation of paragraph (B) appears to be logically faulty, because it is inconsistent with paragraph (C), which *prohibits* rather than *permits* any other deductions not specifically authorized by law or regulation.

Respondent's assumption is that items not specifically prohibited by paragraph (B) are implicitly approved by that paragraph. However, that argument is flatly contradicted by paragraph (C)." (Emphasis added.)

The hearing officer read paragraph (B) in conjunction with

paragraph (A) and concluded that the deduction in this case was more in the nature of "a deduction for an employer's burglary loss than a deduction for the use of safety equipment."

"While the courts of this state need not always accept an administrative agency's interpretation of its own regulations, [citations omitted], it has long been recognized that, in order to insure effectiveness and uniformity, an agency's own interpretation of its regulations will be given great weight and, in some cases, controlling weight. [Citations omitted.]" *Hemry v. State Board of Pharmacy*, 232 Kan. 83, 85-86, 652 P.2d 670 (1982).

In the instant case, the hearing officer's interpretation of K.A.R. 49-20-1(a)(2) is correct when the regulation is considered in its entirety.

## THE SUBSTANTIAL EVIDENCE TEST

The final determination to be made is whether there was substantial evidence to support the hearing officer's conclusion that the loss in the instant case was the result of a burglary.

Russell testified at the administrative hearing that when he began work, the equipment he needed was checked out to him by Excel. When asked about the equipment, Timothy Jeffries, the plant manager, testified that the company owned the equipment and allowed people to use it while working there. Russell testified that the equipment belonged to Excel and that the employees were not allowed to take the equipment home. Jeffries testified that Excel tried to keep the equipment to reuse it.

Russell further testified that one morning he came to work and discovered that his locker had been burglarized. He reported the burglary and was told that if he found the lock he would not be required to pay the replacement cost of the equipment. He signed the salary deduction authorization, and on returning to his locker found the broken lock. He then returned the lock to one of the supervisory personnel at Excel.

There was substantial evidence to support the hearing officer's finding that the loss of equipment in question was the employer's burglary loss and not an authorized deduction from the employee's pay within the meaning of K.S.A. 44-319 and K.A.R. 49-20-1.

The decision of the trial court adopting the order of the KDHR is, therefore, affirmed.

Affirmed.