Michaela A. GUDENKAUF, Plaintiff,

v.

STAUFFER COMMUNICATIONS, INC., a Delaware corporation, d/b/a Stauffer Magazine Group; and Christy Skinner, Defendants.

No. 94–4228–SAC.

United States District Court, D. Kansas.

Feb. 8, 1996.

462

Amy C. Bixler, Alan G. Warner, Topeka, KS, for plaintiff.

Michael W. Merriam, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

This case comes before the court on the defendant Stauffer Communications, Inc.'s and the defendant Christy Skinner's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dk. 39). This is an employment discrimination action in which the plaintiff alleges the employer, Stauffer Communications, Inc. ("Stauffer"), terminated her employment in violation of three federal statutes. The plaintiff also sues Stauffer and her former supervisor, Christy Skinner, for intentional infliction of emotional distress. The defendants seek to dismiss the plaintiff's state common-law claim.

### MOTION TO DISMISS STANDARDS

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). "The purpose of Rule 12(b)(6) is to allow a defendant to test wheth-er, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993).

On a Rule 12(b)(6) motion, the court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir.1987). The court construes the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983) (footnote omitted). "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988) (quoting *Sutliff, Inc. v. Donovan Companies*, 727 F.2d 648, 654 (7th Cir.1984)). Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir.1989).

### DISCUSSION

Kansas recognizes the tort of intentional infliction of emotional distress or outrage. *Moore v. State Bank of Burden*, 240 Kan. 382, 388, 729 P.2d 1205 (1986), *cert. denied*, 482 U.S. 906, 107 S.Ct. 2484, 96 L.Ed.2d 376 (1987). Liability under this tort arises when a person engages in extreme and outrageous conduct and thereby intentionally or recklessly causes severe emotional distress to the plaintiff. *Id.* To recover on such a claim, the plaintiff must prove:

(1) The conduct of the defendant must be intentional; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the defendant's

conduct and the plaintiff's mental distress; and (4) the plaintiff's mental distress must be extreme and severe.

*Id.* (citing *Hoard v. Shawnee Mission Medical Center*, 233 Kan. 267, Syl. ¶ 3, 662 P.2d 1214 (1983)). Conduct is not extreme and outrageous unless regarded as exceeding the bounds of decency or as utterly intolerable in a civilized society. *Wiehe v. Kukal*, 225 Kan. 478, 482, 592 P.2d 860 (1979). Before a plaintiff can prevail at trial, she must clear two threshold determinations reserved to the court: namely, that "the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery; and . . . [that] the emotional distress suffered by plaintiff is in such extreme degree the law must intervene because the distress inflicted is so severe that no reasonable person should be expected to endure it." *Roberts v. Saylor*, 230 Kan. 289, 292–93, 637 P.2d 1175 (1981).

In count II, the plaintiff alleges that Skinner "intentionally and recklessly discharged" her and that this discharge "was extreme and outrageous as Plaintiff was in her ninth month of a complicated pregnancy, leaving her with no visible means of support." (Dk. 19 at 5). The plaintiff further alleges that Skinner's discharge caused her "severe emotional distress and mental trauma, exacerbating her already-delicate condition." (Dk. 19 at 5). These bare bones conclusions are all that the plaintiff alleges for her tort of outrage claim.[1]

What the plaintiff alleges the defendant Skinner did here, terminating her employment, is the kind of "ordinary business decisions . . . made every day by employers across the nation." *Anspach v. Tomkins Industries, Inc.*, 817 F.Supp. 1499, 1508 (D.Kan.1993), *aff'd*, 51 F.3d 285 (10th Cir. 1995) (Table). Discharging an employee is not in itself an extreme or outrageous act. Nor does adding the fact that the employer acted on an unlawful discriminatory motive make the act of termination extreme or outrageous. *See Anspach*, 817 F.Supp. at 1508; *Fletcher v. Wesley Medical Center*, 585 F.Supp. 1260, 1262 (D.Kan.1984). Employment discrimination by itself, without aggravating factors like ethnic slurs and physical threats, does "not amount to outrage." *Rupp v. Purolator Courier Corp.*, 790 F.Supp. 1069, 1073 (D.Kan.1992); *see Bolden v. PRC Inc.*, 43 F.3d 545, 554 (10th Cir.1994) ("Kansas courts have been reluctant to extend the outrage cause of action to discrimination and harassment claims"), *cert. denied*, —— U.S. ——, 116 S.Ct. 92, 133 L.Ed.2d 48 (1995). Our society's sensitivity towards pregnant women is nowhere near the point of saying it is "outrageous" to fire a pregnant employee.[2] Courts have dismissed claims of outrage on a Rule 12 motion when, as here, all the elements are not alleged or when the alleged conduct does not amount to extreme and outrageous under state law. *See West v. Boeing Co.*, 843 F.Supp. 670, 677–79 (D.Kan.1994), *reconsideration granted on other grounds*, 851 F.Supp. 395

---

1. The final pretrial order was filed on February 5, 1996, and it supplants the pleadings and controls all subsequent proceedings. Fed.R.Civ.P. 16(e). For this reason, the court also must consider any additional allegations by the plaintiff in the pretrial order. Those additional alleged facts concerning the termination are that the pregnancy had been difficult for the plaintiff, that the plaintiff was experiencing "premature contractions," that Skinner knew some of the reasons given to the plaintiff for her termination were false, and that Skinner did not allow the plaintiff to clear out her desk after the termination but handed her personal items in a box and had her escorted from the building.

2. The court does believe that the plaintiff's pregnancy and the defendants' knowledge of the same is relevant in assessing whether Skinner's conduct was extreme and outrageous. The pregnancy itself, however, is not enough to turn a

simple firing into "extreme and outrageous" conduct. *Cf. Patterson v. Xerox Corp.*, 901 F.Supp. 274, 279 (N.D.Ill.1995) ("To subject an expectant mother to repeated harassment of the type alleged at the workplace, at home, and at the hospital immediately prior to labor—including chastising her for missing work when she had gone into premature labor—may indeed by 'extreme and outrageous' conduct."). Gudenkauf does not allege any aggravating factors occurring on February 21 or 22, 1994, that would transform the mere execution of an ordinary business decision into extreme and outrageous conduct. A reasonable person would not be able to find from the facts as alleged that Skinner's manner of discharging Gudenkauf reflected such insensitivity to a pregnant employee as to exceed the bounds of decency or to be utterly intolerable in a civilized society.

(D.Kan.1994); *Moten v. American Linen Supply Co.,* 155 F.R.D. 202, 205 (D.Kan. 1994); *Boisjoly v. Morton Thiokol, Inc.,* 706 F.Supp. 795, 801 (D.Utah 1988). The defendants' motion to dismiss this claim is granted.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss (Dk. 39) the plaintiff's claim for intentional infliction of emotional distress is granted.