**William R. LANGE, Plaintiff,**

v.

**SHOWBIZ PIZZA TIME, INC. d/b/a Chuck E. Cheese's Pizza, Defendant.**

**No. 98–2060–JWL.**

United States District Court, D. Kansas.

May 8, 1998.

D. Scott Brown, Boddington & Brown, Chtd., Kansas City, KS, for Plaintiff.

Barbara A. Harmon, Shook, Hardy & Bacon L.L.P., Overland Park, KS, Peter R Bulmer, Paul A Patten, Jackson, Lewis, Schnitzler & Krupman, Chicago, IL, for Defendant.

## *MEMORANDUM AND ORDER*

LUNGSTRUM, District Judge.

Plaintiff William R. Lange filed suit against defendant Showbiz Pizza alleging violations of the Family and Medical Leave Act (FMLA) and several common law claims, including retaliatory discharge in violation of public policy, breach of an implied contract, breach of fiduciary duty and outrage. This matter is presently before the court on defendant's motion to dismiss plaintiff's complaint (doc. #5) pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, defendant's motion to dismiss is granted in part and denied in part. The court will allow plaintiff leave to amend his complaint in an effort to cure certain deficiencies, to the extent set forth below, on or before May 22, 1998.

## I. Background

Plaintiff William R. Lange began his employment with defendant in January 1996. During his employment with defendant, plaintiff's mother was diagnosed with pancreatic cancer. On January 16, 1997, plaintiff requested and received a leave of absence due to his mother's illness. Plaintiff's mother died on January 24, 1997. On January 31, 1997, defendant informed plaintiff that he

needed to return to work or his employment would be terminated. Despite plaintiff's requests for additional time off to "console with relatives, grieve over the loss of his mother and take care of funeral arrangements," defendant terminated plaintiff's employment effective January 31, 1997.

## II. Rule 12(b)(6) Standards

Dismissal of a cause of action for failure to state a claim is appropriate only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Fuller v. Norton,* 86 F.3d 1016, 1020 (10th Cir.1996), or where an issue of law is dispositive. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a); *Fuller,* 86 F.3d at 1020. All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true. *Jojola v. Chavez,* 55 F.3d 488, 494 n. 8 (10th Cir.1995) (citing *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984)). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support his or her claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## III. Plaintiff's FMLA Claims

▮ In his complaint, plaintiff alleges that defendant violated the FMLA when it denied him additional leave after his mother's death. Plaintiff also claims that he was terminated in retaliation for exercising his rights under the FMLA. Defendant urges the court to dismiss plaintiff's FMLA claims because plaintiff's request for bereavement leave is not protected by the FMLA.[1] As set forth in more detail, the court agrees with defendant and grants its motion to dismiss to the extent plaintiff's FMLA claim is based on the serious health condition of his mother. The court will allow plaintiff leave to amend his complaint, however, to the extent plaintiff's claim is based on his own alleged serious health condition.

The FMLA prohibits a covered entity from interfering with, restraining, or denying "the exercise of or the attempt to exercise, any right provided under this subchapter." *See* 29 U.S.C. § 2615(a). Under the FMLA, an eligible employee is entitled to twelve workweeks of leave over a 12–month period for one or more of the following circumstances:

. . . .

(C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

(D) Because of a serious health condition that makes the employee unable to perform the function of the position of such employee.

29 U.S.C. § 2612(a)(1).

In his complaint, plaintiff alleges that he was terminated in violation of the FMLA because he requested time off "due to his mother's serious health condition and subsequent death." The parties agree that plaintiff's mother suffered from a serious health condition within the meaning of the FMLA from the date plaintiff commenced leave on January 16, 1997 until the death of plaintiff's mother on January 24, 1997. Moreover, it is undisputed that defendant granted plaintiff leave for that time period. Defendant insists, however, that the "serious health condition" justifying plaintiff's leave ended on January 24, 1997, when plaintiff's mother died.

1. Defendant also argues that plaintiff is not an eligible employee within the meaning of the FMLA. The FMLA defines an "eligible employee," in relevant part, as an employee who has been employed for at least 12 months by the employer with respect to whom leave is requested. 29 U.S.C. § 2611(2)(i). According to the regulations implementing the FMLA, however, the twelve months "need not be consecutive months." 29 C.F.R. § 825.110(b). Although the face of plaintiff's complaint indicates that he was employed by defendant for less than 12 months at the time he began his leave, plaintiff also alleges in his complaint that he had been employed by defendant's predecessor company at some point prior to his employment with defendant. Bearing in mind the applicable standards at the motion to dismiss stage, the court concludes that plaintiff may be able to prove a set of facts in support of his theory that he is an "eligible employee" within the meaning of the FMLA.

**1154**

Thus, according to defendant, the additional time off requested by plaintiff following his mother's death did not qualify as leave under the FMLA.

A serious health condition is defined as any illness, injury, impairment, or physical or mental condition that involves inpatient care or continuing treatment by a health care provider. 29 U.S.C. § 2611(11). The court concludes that a "serious health condition" within the meaning of the FMLA contemplates only "medical conditions affecting the living." *See Brown v. J.C. Penney Corp.*, 924 F.Supp. 1158, 1162 (S.D.Fla.1996) ("Put simply, if Congress wanted to ensure that employees on FMLA leave could take additional time off after a family member died from a serious health condition, it easily could have said so in the statute."). *See also Beal v. Rubbermaid Commercial Prods. Inc.*, 972 F.Supp. 1216, 1226 (S.D.Iowa 1997) ("Leave is not meant to be used for bereavement because a deceased person has no basic medical, nutritional, or psychological needs which need to be 'cared for.' "). Thus, defendant's motion to dismiss plaintiff's FMLA claim is granted to the extent such claim is based on the serious health condition of plaintiff's mother.

In his papers, however, plaintiff claims that he was entitled to FMLA leave due to the "grief and despair" he suffered following the death of his mother. As set forth above, the FMLA provides for leave due to the employee's own serious health condition when the condition makes the employee unable to perform the functions of his or her position. 29 U.S.C. § 2612(a)(1)(D). Plaintiff's complaint, however, is devoid of any allegations supporting this theory of recovery. Although the court questions whether plaintiff can state a viable FMLA claim here based on his own alleged serious health condition, the court bears in mind the standards

governing a Rule 12(b)(6) motion. Thus, the court will allow plaintiff an opportunity to amend his complaint in the event that he is able to allege sufficient facts to support this claim.[2]

## IV. Retaliatory Discharge in Violation of Public Policy

■ In Count II of his complaint, plaintiff claims that defendant terminated plaintiff's employment in retaliation "for exercising a federally protected right."[3] Defendant moves to dismiss Count II of plaintiff's complaint to the extent it alleges common law retaliatory discharge on the grounds that an adequate federal remedy exists or, in the alternative, that defendant's denial of plaintiff's leave request does not implicate Kansas public policy.

■ The tort of retaliatory discharge is an exception to the long-standing Kansas rule that an employee can be terminated with or without cause at any time. *Aiken v. Business & Indus. Health Group, Inc.*, 886 F.Supp. 1565, 1573 (D.Kan.1995) (citing *Murphy v. City of Topeka*, 6 Kan.App.2d 488, 493–96, 630 P.2d 186 (1981); *Cain v. Kansas Corp. Comm'n*, 9 Kan.App.2d 100, 103, 673 P.2d 451 (1983)). The exception is a narrow one and applies only if the discharge seriously contravenes public policy. *Id.* (citing *Cain*, 9 Kan.App.2d at 104, 673 P.2d 451).

■ Kansas courts have limited a cause of action for retaliatory discharge in violation of public policy to two general circumstances: (1) where an employee is discharged in retaliation for exercising or intending to exercise his or her rights under workers' compensation laws; and (2) where an employee is discharged for good faith reporting or threatening to report the employer's serious infraction of rules, regulations, or law pertaining to

2. The court also directs plaintiff to the regulations implementing the FMLA, specifically 29 C.F.R. § 825.114, for further guidance on the threshold requirements necessary to establish a "serious health condition."

3. It is unclear from plaintiff's complaint and his papers whether he is asserting a retaliation claim under the FMLA, a common law retaliatory discharge claim, or both. To the extent plaintiff is attempting to assert a retaliation claim under the

FMLA pursuant to 29 U.S.C. § 2615(a), defendant moves to dismiss the claim on the grounds that plaintiff was not entitled to leave under the FMLA subsequent to his mother's death and, thus, no "federally protected rights" were implicated in defendant's decision to terminate plaintiff's employment. In light of the court's decision to allow plaintiff the opportunity to amend his complaint with respect to his FMLA claim, however, defendant's motion to dismiss on this basis must be denied.

public health, safety and the general welfare. *Id.* (citing *Dickens v. Snodgrass, Dunlap & Co.*, 255 Kan. 164, 176–77, 872 P.2d 252 (1994)).

■ Plaintiff's retaliatory discharge claim does not fall within either of these two categories. Rather, plaintiff alleges that defendant retaliated against him "for exercising a federally protected right" (*i.e.*, his rights under the Family and Medical Leave Act). Because Kansas courts have not already recognized his wrongful discharge claim as an exception to the employment-at-will doctrine, plaintiff must show that the conduct on which his wrongful discharge claim is based is protected by Kansas public policy and no alternative state or federal remedy exists. *See Butler v. City of Prairie Village*, 961 F.Supp. 1470, 1474 (D.Kan.1997). This he cannot do.

First, plaintiff has failed to show that defendant's denial of his request for bereavement leave, and the subsequent termination of his employment, implicates Kansas public policy. Moreover, the court is unwilling to recognize plaintiff's theory as an exception to Kansas' employment-at-will doctrine "in the absence of a more definitive statement from Kansas courts or the Kansas Legislature of a public policy in Kansas to make a wrongful discharge cause of action available in this context." *Butler*, 961 F.Supp. at 1474 (quoting *Collins v. Old Republic Title Co.*, No. 96–2246–GTV, 1996 WL 439295 at *3 (D.Kan. July 10, 1996)).

■ Second, plaintiff has an alternative remedy under the FMLA. The Tenth Circuit has expressly held that a plaintiff may not assert a common law cause of action for retaliatory discharge when federal law provides an adequate remedy. *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1399 (10th Cir.1997) (citing *Masters v. Daniel Int'l Corp.*, 917 F.2d 455, 457 (10th Cir.1990)). *See also Butler*, 961 F.Supp. at 1474 (granting defendants' motions to dismiss retaliatory discharge claim where adequate remedy existed under § 1983). In his papers, plaintiff argues that an adequate remedy may not be available if the court dismisses plaintiff's FMLA claim. Even if plaintiff's FMLA claim is ultimately dismissed, however, plaintiff still may not assert a common law retaliatory discharge claim when the same conduct underlies both claims. *See Conner*, 121 F.3d at 1399 (affirming summary judgment for defendant on plaintiff's common law retaliatory discharge claim because adequate statutory remedy existed under FLSA, even though district court granted summary judgment on plaintiff's FLSA claim). *See also Richmond v. ONEOK, Inc.*, 120 F.3d 205, 210 (10th Cir.1997) (rejecting plaintiff's common law retaliatory discharge claim under Oklahoma law based on the FLSA and the FMLA where the court had "already held that [plaintiff] has no claim under either of those acts.").

For these reasons, the court grants defendant's motion to dismiss plaintiff's common law retaliatory discharge claim.

## V. Implied Contract

■ In Count III of his complaint, plaintiff alleges that defendant breached an implied contractual obligation to grant plaintiff "a leave of absence to care for a parent who has a serious health condition." In support of this theory, plaintiff refers only to defendant's employee handbook. Defendant urges the court to dismiss this claim on the grounds that Kansas law does not recognize an implied contract claim based solely on an employee handbook. Although plaintiff concedes that he refers only to the employee handbook in support of his implied contract claim, he emphasizes that he does not "allege this to be the sole factor establishing a contractual duty and obligation owed by defendant to plaintiff." Curiously, however, plaintiff's papers are similarly devoid of any additional allegations which would support an implied contract claim.

■ The court agrees with defendant that an employment manual does not by itself provide sufficient evidence of an intent to form a contract; additional evidence is needed under Kansas law. *Doud v. Countrywide Home Mortgage Loan*, No. 96–2079–JWL, 1997 WL 292127, at *11 (D.Kan. May 5, 1997) (citing *Farthing v. City of Shawnee*, 39 F.3d 1131, 1138–39 (10th Cir.1994) (citing *Brown v. United Methodist Homes for the Aged*, 249 Kan. 124, 138, 815 P.2d 72 (1991)); *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir.1988)). Because the court is allowing plaintiff to

amend his complaint with respect to his FMLA claim, the court will also afford plaintiff the opportunity to amend his complaint with respect to his implied contract claim should additional factual allegations exist to support this claim.

## VI. Breach of Fiduciary Duty

■ Plaintiff alleges in Count IV of his complaint that defendant breached a fiduciary duty owed plaintiff. In his papers, plaintiff apparently concedes that he cannot state a viable claim for breach of fiduciary duty, but argues instead that defendant breached an implied covenant of good faith and fair dealing when it terminated plaintiff's employment. According to defendant, Kansas does not recognize this claim in the employment context.

■ Under Kansas law, the duty of good faith and fair dealing does not apply to employment-at-will contracts. *Doud v. Countrywide Home Mortgage Loan,* No. 96–2079–JWL, 1997 WL 292127, at *10 (D.Kan. May 5, 1997) (citing *Dickens v. Snodgrass, Dunlap & Co.,* 255 Kan. 164, 175, 872 P.2d 252 (1994); *Morriss v. Coleman Co.,* 241 Kan. 501, 518, 738 P.2d 841 (1987)). Plaintiff insists that this rule is inapplicable because he had an implied contract of employment and, thus, was not an employee-at-will. The court is not persuaded. Courts have rejected "good faith and fair dealing" claims in the employment context regardless of whether an express or implied employment contract exists. *See, e.g., Morriss,* 241 Kan. at 514, 518, 738 P.2d 841 (affirming summary judgment on good faith and fair dealing claim even though fact question existed with respect to implied employment contract claim). Defendant's motion to dismiss is granted with respect to plaintiff's good faith and fair dealing claim.[4]

## VII. Intentional Infliction of Emotional Distress

■ Finally, plaintiff claims that defendant's conduct constitutes intentional infliction of emotional distress. Kansas has set a very high standard for the common law tort of outrage. *Butler v. City of Prairie Village,* 974 F.Supp. 1386, 1406 (D.Kan.1997). Moreover, "Kansas courts have been reluctant to extend the outrage cause of action to discrimination and harassment claims." *Bolden v. PRC Inc.,* 43 F.3d 545, 554 (10th Cir.1994). To establish a prima facie case of outrage, plaintiff must show that (1) defendant's conduct was intentional or in reckless disregard of plaintiff; (2) defendant's conduct was extreme and outrageous; (3) there is a causal connection between defendant's conduct and plaintiff's mental distress; and (4) plaintiff's mental distress is extreme and severe. *Id.* at 553 (citing *Moore v. State Bank of Burden,* 240 Kan. 382, 388, 729 P.2d 1205 (1986)); *Butler,* 974 F.Supp. at 1406. The threshold inquiries for the tort of outrage are whether "(1) the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery and (2) the emotional distress suffered by the plaintiff is so extreme the law must intervene because no reasonable person would be expected to endure it." *Bolden,* 43 F.3d at 553 (citing *Roberts v. Saylor,* 230 Kan. 289, 292–93, 637 P.2d 1175 (1981)).

■ To constitute sufficiently extreme and outrageous conduct, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond the bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Bolden,* 43 F.3d at 554 (citing *Roberts,* 230 Kan. at 293, 637 P.2d 1175). Plaintiff's complaint fails to contain any factual allegations that would support an outrage claim. Rather, plaintiff has simply alleged that defendant terminated his employment when plaintiff was consoling relatives, grieving the loss of his mother, and making funeral arrangements. Defendant's decision to terminate plaintiff's employment is simply an "ordinary business decision[ ] . . . made every day by employers across the nation." *Gudenkauf v. Stauffer Communications, Inc.,* 922 F.Supp. 461, 464 (D.Kan.1996) (quoting *Anspach v.*

---

4. In any event, the court notes that plaintiff does not allege in his complaint that his employment with defendant was anything other than at-will. Moreover, plaintiff's complaint is devoid of any factual allegations which would support such a theory. Contrary to plaintiff's assertions in his papers, plaintiff's complaint merely alleges that the parties had an implied contract regarding plaintiff's right to take leave for the serious health condition of a parent.

*Tomkins Indus., Inc.,* 817 F.Supp. 1499, 1508 (D.Kan.1993), *aff'd,* 51 F.3d 285 (10th Cir. 1995) (table)). Even if defendant's decision to terminate plaintiff was driven by an unlawful motive, such as plaintiff's attempt to exercise his rights under the FMLA, defendant's conduct is not extreme or outrageous. *See id.* (citing *Anspach,* 817 F.Supp. at 1508; *Fletcher v. Wesley Medical Center,* 585 F.Supp. 1260, 1262 (D.Kan.1984)); *Ramirez v. IBP, Inc.,* No. 94–4101–SAC, 1994 WL 732612, at *2 (D.Kan. Nov.18, 1994) (citing same). *See also Panis v. Mission Hills Bank, N.A.,* No. 92–2391–EEO, 1993 WL 390399 at *2–3 (D.Kan. Sept. 30, 1993) (denying plaintiff's motion to amend complaint to include outrage claim based solely on alleged unlawful discharge).

Accordingly, defendant's motion to dismiss plaintiff's outrage claim is granted to the extent the claim is based on the allegations set forth in the complaint. Bearing in mind the standards governing a Rule 12(b)(6) motion, however, the court will afford plaintiff the opportunity to allege the requisite facts to support an outrage claim if such facts exist.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss plaintiff's complaint (Doc. # 5) is granted in part and denied in part. Specifically, defendant's motion to dismiss is granted with respect to plaintiff's claims of common law retaliatory discharge, breach of fiduciary duty, and breach of an implied covenant of good faith and fair dealing. These claims are dismissed in their entirety. Plaintiff's motion to dismiss is also granted on plaintiff's FMLA claim to the extent this claim is based on plaintiff's request for leave in connection with his mother's serious health condition.

The court grants plaintiff leave to file an amended complaint, should additional factual allegations exist, with respect to his FMLA claim to the extent this claim is based on his request for leave for his own alleged serious health condition. The court also grants plaintiff leave to file an amended complaint, to the extent any additional factual allegations exist, to cure the deficiencies in his implied contract and outrage claims.

Plaintiff may file his amended complaint on or before May 22, 1998. Any claims not amended by plaintiff on or before May 22, 1998, will be dismissed.

**IT IS SO ORDERED.**