**Wilma KISTLER, Plaintiff,**

v.

**LIFE CARE CENTERS OF AMERICA, INC., Defendant.**

Civ. A. No. 84–2444.

United States District Court, D. Kansas.

Oct. 23, 1985.

J. Nick Badgerow, McAnany, Van Cleave & Phillips, Kansas City, Kan., for plaintiff.

A. McArthur Irvin, Clark, Paul, Hoover & Mallard, Atlanta, Ga., Steven E. Wermcrantz, Karen D. Wedel, Linde, Thomson, Fairchild, Langworthy, Kohn & Van Dyke, Kansas City, Mo., for defendant.

MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

Defendant, Life Care Centers of America, Inc., has moved for summary judgment as to plaintiff's claim for retaliatory discharge and as to plaintiff's claim for breach of an implied contract. Because material questions of fact exist with respect to both claims, we deny defendant's motion.

On November 9, 1984, plaintiff filed a complaint in this court, alleging that defendant had terminated her employment because she had testified against defendant at a state unemployment compensation hearing in Kansas. Plaintiff asserts that her termination was in violation of an implied employment contract. Plaintiff also contends that, even if no implied employment contract existed, defendant's act of firing her for testifying violates the public policy of the state of Kansas and constitutes the tort of retaliatory discharge.

The legal standards to be applied to a summary judgment motion are quite clear. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering such a motion, the court must examine all evidence in the light most favorable to the opposing party. *Mogle v. Sevier County School District,* 540 F.2d 478, 482 (10th Cir.1976), *cert. denied,* 429 U.S. 1121, 97 S.Ct. 1157, 51 L.Ed.2d 572 (1976). Where different inferences could reasonably be drawn from conflicting affidavits and depositions, summary judgment should be denied. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

I. *Retaliatory Discharge.*

Despite defendant's assertion to the contrary, several issues of fact exist with respect to plaintiff's claim for retaliatory dis-

charge. Defendant maintains that plaintiff was not terminated, but that she quit. As evidence that plaintiff did not herself believe that she had been fired, defendant contends that plaintiff did not even tell her own family that she had lost her job. Plaintiff, however, insists that Administrator Joyce Regnier terminated her, stating at least three times that "we think you should seek other employment, because you testified against your employer." [Kistler Deposition 34:2–11; 36:12–16] Plaintiff also claims, despite defendant's mysterious reading of her deposition to the contrary, that she told her family she had been terminated. Clearly, issues of fact and credibility exist that cannot be resolved by summary judgment.

Defendant's second position is that even if these facts are disputed, they are not *material* facts because plaintiff, as an employee at will, could legally be terminated by defendant for testifying at the unemployment compensation hearing. We disagree with defendant's interpretation of Kansas law.

Kansas follows the general rule that in the absence of a contract covering the duration of employment, the employment is terminable at the will of either party, and the employee states no cause of action by alleging that he has been discharged. *Mildfelt v. Lair*, 221 Kan. 557, 561 P.2d 805 (1977); *Johnson v. National Beef Packing Co.*, 220 Kan. 52, 551 P.2d 779 (1976); *Johnston v. Farmers Alliance Mutual Ins. Co.*, 218 Kan. 553, 554 P.2d 312 (1976). Kansas courts, however, recognize a public policy exception to this general rule.

In *Murphy v. City of Topeka*, 6 Kan. App.2d 488, 630 P.2d 186 (1981), the Kansas Court of Appeals held that an employee at will who was fired in retaliation for filing a workmen's compensation claim had a cause of action for retaliatory discharge. The court noted:

> We believe the public policy argument has merit. The Workmen's Compensation Act provides efficient remedies and protection for employees, and is designed to promote the welfare of the people in this state. It is the exclusive remedy afforded the injured employee, regardless of the nature of the employer's negligence. To allow an employer to coerce employees in the free exercise of their rights under the act would substantially subvert the purpose of the act.

*Id.* at 495–96, 630 P.2d at 192.

We realize that the public policy exception recognized by the Kansas courts is a limited one. It is not, however, confined strictly to cases involving the discharge of an employee who files a workmen's compensation claim. In *Wynn v. Boeing Military Airplane Co.*, 595 F.Supp. 727 (1984) (Theis, J.), this court held that the Kansas policy against racial discrimination, embodied in the Kansas Acts Against Discrimination, prohibits discharge of an employee at will on the basis of race. Moreover, the Tenth Circuit has affirmed the notion that the Kansas public policy exception to the general employment at will rule, though narrow, is broader than cases involving assertion of rights under the workmen's compensation law. *Viestenz v. Fleming Companies, Inc.*, 681 F.2d 699 (10th Cir. 1982).

In addressing whether plaintiff, in this case, has alleged facts that fall within an exception to the general rule, we note that the state legislature has strongly expressed a policy against allowing employers to interfere with unemployment compensation hearings. Section 44–615 of the Kansas Statutes Annotated provides:

> *Unlawful acts against witnesses and litigants.* It shall be unlawful for any person, firm or corporation to discharge any employee or to discriminate in any way against any employee because of the fact that any such employee may testify as a witness before the secretary of human resources, or shall sign any complaint or shall be in any way instrumental in bringing to the attention of the secretary of human resources any matter of controversy between employers and employees as provided herein.

We believe that this clear state policy constitutes an exception to the general rule that an employer can fire an at will employee for any reason. If anything, this state policy provides an even stronger basis for recognizing an exception than the policy embodied in the Workmen's Compensation Act cited by the Kansas Court of Appeals in *Murphy*.

In *Murphy*, the court stressed that: "[t]o allow an employer to coerce employees in the free exercise of their rights under the [Workmen's Compensation Act] would substantially subvert the purpose of the act." 6 Kan.App.2d at 495–96, 630 P.2d at 192. That statement applies with at least equal force to the state policy of protecting the integrity of unemployment compensation hearings.

The state has determined that it is in the public interest to hold such hearings. The testimony of witnesses, including an employer's workers, is so essential to the successful conduct of these hearings that the state has given the Secretary of Human Resources the power to compel the attendance of these witnesses.[1] In promulgating K.S.A. 44–615, the legislature recognized that it makes little sense to compel witnesses to testify if they are not free to speak the truth. If an employer can, with impunity, fire an employee who testifies against the employer at an unemployment compensation hearing, few employees can be expected to sacrifice their livelihoods for the sake of telling the truth. Simply put, the Kansas Legislature has made it clear that employers cannot force employees to choose between their jobs and committing perjury at a state hearing. We conclude that an employer in Kansas cannot fire an at will employee for testifying at an unemployment compensation hearing and, therefore, that plaintiff has stated a valid cause of action for retaliatory discharge.

## II. *Breach of an Implied Contract.*

Plaintiff, in her second cause of action, asserts a claim for breach of an implied contract of employment. Because the existence of an implied contract is a question of fact for the jury, we deny defendant's motion for summary judgment with respect to this claim.

As the Supreme Court of Kansas noted in *Johnson v. National Beef Packing Co.*, 220 Kan. 52, 551 P.2d 779 (1976):

Where no definite term of employment is expressed, the duration of employment depends on the intention of the parties as determined by circumstances in each particular case. The understanding and intent of the parties is to be ascertained from the written or oral negotiations, the usages of business, the situation and object of the parties, the nature of the employment, and all the circumstances surrounding the transaction.

*Id.* at 54–55, 551 P.2d at 782. The intent of the parties is a question of fact for the jury. *Allegri v. Providence-St. Margaret Health Center*, 9 Kan.App.2d 659, 684 P.2d 1031 (1984); *State v. Edwards*, 209 Kan. 681, 498 P.2d 48 (1972).

In *Allegri*, the court of appeals reversed a summary judgment in favor of the defendant and noted several factors that could lead a jury to find an implied contract of employment. These factors, among others, included an employee handbook that provided a list of grounds for termination, the longevity of plaintiff's employment with defendant, and an excellent performance evaluation plaintiff received from defendant. 9 Kan.App.2d at 661–62, 664, 684 P.2d at 1034, 1036.

In this case, plaintiff points to an "Employee Code of Conduct," signed by plaintiff, which lists forty-three acts that "constitute cause for discharge." Plaintiff also alleges that she always received favorable job evaluations and that defendant led her to believe that the job was permanent. We conclude that plaintiff has raised questions of material fact and that summary judgment is, therefore, inappropriate on plaintiff's second claim.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment be

---

**1.** In fact, plaintiff alleges that she testified only     after being served with a subpoena.

denied with respect to both of plaintiff's claims.