**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 19 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

TERRY BAKER, P.E., L.S.; UTAH
SOCIETY OF PROFESSIONAL
ENGINEERS; AMERICAN SOCIETY
OF CIVIL ENGINEERS; UTAH
COUNCIL OF LAND SURVEYORS,

Plaintiffs-Appellants,

v.

CONSTANCE WHITE; DAVE
ROBINSON; DAVID FAIRHURST;
KEITH VAN ORDEN; UTAH
DEPARTMENT OF COMMERCE,

Defendants-Appellees.

No. 96-4039
(D.C. No. 95-CV-242)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before BALDOCK, EBEL, and LUCERO, Circuit Judges.

---

[*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs appeal the district court's dismissal of their civil rights action pursuant to Fed. R. Civ. P. 12(b)(6). Because plaintiffs have not shown a property interest in their professional license numbers or the procedures used to obtain a license, we affirm.

In 1993, defendant Utah Department of Commerce Division of Professional Licensing renumbered the licenses of, inter alia, professional engineers and land surveyors. Defendant also changed certain licensing procedures, including eliminating the land surveyor-in-training certification, changing the time at which experience is determined, changing the examination to a proctored exam, and discontinuing the issuance of frameable license certificates. Plaintiffs brought this action, alleging that the changes deprived them of property without due process of law and violated certain state statutes. The district court dismissed plaintiffs' action for failure to state a claim upon which relief could be granted, and this appeal followed.

We begin by examining whether we have jurisdiction over the claims of all plaintiffs, or only those of Terry Baker. The notice of appeal in this case did not

specify which particular plaintiffs sought review, merely identifying as plaintiffs "Terry Baker et al," and stating in the body of the notice that "plaintiffs appeal" the order of dismissal. On March 7, 1996, we ordered the parties to brief this jurisdictional issue.

In <u>Torres v. Oakland Scavenger Co.</u>, 487 U.S. 312, 318 (1988), the Supreme Court held that naming only one party and adding "et al." was insufficient to satisfy the jurisdictional requirements of the version of Fed. R. App. P. 3(c) then in effect, which required that a notice of appeal "specify the party or parties taking the appeal." Thereafter, Rule 3(c) was amended to permit an attorney representing more than one party to describe the parties with such terms as "all plaintiffs," and to clarify that "[a]n appeal will not be dismissed for informality of form or title of the notice of appeal, or from failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c). In <u>Cole v. Ruidoso Municipal Schools</u>, 43 F.3d 1373, 1385-86 (10th Cir. 1994), we held a notice of appeal containing "et al." in the caption and describing the appealing parties as "defendants" in the body of the notice satisfied the new requirements of Rule 3(c). Based on <u>Cole</u>, we conclude that we have jurisdiction over the claims of all plaintiffs.

On appeal, plaintiffs argue that the district court erred in concluding they did not have a protectable property interest in their license numbers or the

licensing procedures.  To establish entitlement to procedural due process, a plaintiff must demonstrate a property interest in the benefit for which protection is sought.  See Board of Regents v. Roth, 408 U.S. 564, 576 (1972).  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."  Id. at 577.  To determine plaintiffs' property interest in their license numbers or the licensing procedures, we look to Utah law.  See id. (holding "[p]roperty  interests . . . are not created by the Constitution. . . . they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law"); Watson v. University of Utah Med. Ctr., 75 F.3d 569, 577 (10th Cir. 1996) ("The question whether a plaintiff had a protected property interest is determined by state law.").

Here, plaintiffs have pointed to no state law upon which a property interest in their license numbers or the licensing procedures might be grounded.  Although the licenses themselves may be property, plaintiffs have made no showing that their professional status or existing legal rights have been significantly altered.  See Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1269 (10th Cir. 1989) (holding a claim for deprivation of liberty or property interest does not arise absent significant alteration in professional's status and existing legal rights).

Because plaintiffs have not shown the existence of a property right, the district court properly dismissed their due process claims. Plaintiffs have raised no argument on appeal regarding the dismissal of their state law claims.

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge