William Adrian BUTLER, Plaintiff,

v.

CITY OF PRAIRIE VILLAGE,
et al., Defendants.

No. 96–2045–JWL.

United States District Court,
D. Kansas.

April 11, 1997.

G. Gordon Atcheson, Blake & Uhlig, P.A., Kansas City, KS, for William Adrian Butler.

Charles E. Wetzler, David C. Wetzler, Bennett, Lyle, Wetzler, Martin & Pishny, L.C., Prairie Village, KS, Mark D. Katz, David S. Baker, Sherman, Taff & Bangert, P.C., Leawood, KS, for Prairie Village, Kansas, City of, H. Monroe Taliaferro, Jr., Carol Pendleton, Jerald R. Robnett.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I. Introduction.

This employment discrimination case comes before the court on Defendant Barbara Vernon's partial motion to dismiss on the pleadings (Doc. # 69) and Defendants Monroe Taliaferro, Carol Pendleton, and Jerald Robnett's partial motion to dismiss on the pleadings (Doc. # 75) both pursuant to Fed. R.Civ.Pro. 12(c).[1] In his complaint, the plaintiff alleges (1) that the defendants harassed and eventually terminated the plaintiff for testifying truthfully under oath in an arbitration in violation of Kansas law (Whistleblower), (2) that the defendants harassed and eventually terminated the plaintiff for testifying truthfully under oath in an arbitration in violation of Kansas public policy (Truthful testimony), (3) that the defendants' harassment and decision to terminate the plaintiff violated his First Amendment Free Speech rights as protected under 42 U.S.C. § 1983, (4) that the plaintiff's termination wrongfully deprived him of his protected due process property interest in his continued employment in violation 42 U.S.C. § 1983, (5) that the defendants denied the plaintiff reasonable accommodation and harassed and eventually terminated him in retaliation for requesting reasonable accommodation in violation of the Americans with Disabilities Act (ADA), (6) that the defendants replaced the plaintiff with and/or re-assigned the plaintiff's duty to younger individuals in violation of the Age Discrimination in Employment Act (ADEA), (7) that the moving defendants' conduct toward the plaintiff constitutes the tort of outrage, and (8) that the defendant's actions constitute an unlawful conspiracy to deprive the plaintiff of his rights protect by Kansas common law, the U.S. Constitution, the ADA, and the ADEA. In their motions to dismiss, the moving defendants assert that except for the plaintiff's Free Speech claim, the plaintiff's claims fail to state a claim upon which relief may be granted. For the reasons discussed below, the court denies the moving defendants' motions to dismiss on the pleadings with respect to the plaintiff's outrage claim, the plaintiff's conspiracy to violate his federal civil rights claim, and the plaintiff's claim for future damages beyond November of 1995, and grants them as to all other issues.

### II. Facts.[2]

During the relevant time period, Defendant H. Monroe Taliaferro, Jr. was the Mayor of the City of Prairie Village, Defendant Barbara Vernon was the City Administrator of the City of Prairie Village, Defendant Carol Pendleton was a member of the Prairie Village City Council and chair of the Policy and Services Committee, and Defendant Jerald Robnett was the director of the City of Prairie Village's public works. Around January of 1987, Defendant City of Prairie Village hired the plaintiff for a position in its public works department. During his employment with Defendant City of Prairie Village, the plaintiff reported to city officials that city property was stolen or otherwise misused by other city employees on numerous occasions. In November of 1993, the plaintiff testified truthfully under oath at an arbitration proceeding involving Defendant City of Prairie Village and one of its contractors.[3] The de-

---

1. Because Defendants Taliaferro, Pendleton, and Robnett's motion to dismiss incorporate, adopt, and solely rely on Defendant Vernon's memorandum in support of her motion to dismiss, the court will address both motions together. The court will refer to Defendants Vernon, Taliaferro, Pendleton, and Robnett hereafter as the moving defendants.

2. The following facts are either uncontroverted, or construed liberally in the plaintiff's favor.

3. In his complaint, the plaintiff appears to have mistakenly plead the date of this arbitration. *See* Pretrial order at 4–5 (arbitration occurred in November of 1992, not 1993 as alleged in the complaint). However, because the court must take all well-plead facts in the plaintiff's complaint as true and because this date is not dispositive of any issues presented in this motion, the court will utilize the date presented in the plaintiff's complaint. *See Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984).

fendants perceived the plaintiff's testimony as contrary to Defendant City of Prairie Village's best interests. At the conclusion of the arbitration, the arbitrator entered a substantial monetary award in the contractor's favor.

On January 27, 1994, Defendant City of Prairie Village eliminated the plaintiff's position and, as a result, terminated him even though he had satisfactorily performed all of his reasonable and necessary job duties. On or about July 5, 1994, the plaintiff filed administrative charges with the Equal Employment Opportunity Commission (EEOC) complaining of Defendant City of Prairie Village's violation of the ADA and the ADEA. On or about February 26, 1996, the plaintiff filed a notice of claim with the City of Prairie Village's clerk regarding his employment and his purported wrongful termination. On March 13, 1996, the EEOC issued the plaintiff a right to sue letter.

Following his termination, the plaintiff has unsuccessfully sought alternative employment and has been without substantially gainful employment since that time. In and around November of 1995, the plaintiff was incapacitated.

### III. Discussion.

#### A. Standard for a 12(c) motion to dismiss.

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Fed.R.Civ Pro. 12(b)(6) motion to dismiss. *Mansfield v. UMB Bank Kansas*, No. 95–2554, 1996 WL 648686 at *1 (D.Kan., Oct 11, 1996) (citing *Mock v. T.G. & Y.*, 971 F.2d 522, 528 (10th Cir.1992)). A court may not dismiss a cause of action for failure to state a claim under Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir. 1991). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.Pro. 8(a); *Lafoy v. HMO Colorado*, 988 F.2d 97, 98

(10th Cir.1993). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

### B. Analysis.

#### 1. State common law Whistleblower and public policy claims (Counts I & II).

Under Kansas law, it is well-settled that absent an implied or express contract between an employee and his or her employer covering the duration of employment, the employment relationship is terminable at the will of either party. *Johnston v. Farmers Alliance Mutual Ins. Co.*, 218 Kan. 543, 546, 545 P.2d 312 (1976). Thus, an employer may terminate an at will employee for good cause, for no cause, or even for a wrong cause without incurring liability for wrongful discharge. *Morriss v. Coleman Co.*, 241 Kan. 501, 508, 738 P.2d 841 (1987). However, Kansas courts have recognized a few exceptions to the employment at will doctrine, which they have construed narrowly. *See Pierce v. Engle*, 726 F.Supp. 1231, 1235 (D.Kan.1989). Specifically, those exceptions prohibit an employer from discharging an employee for reasons that violate a public policy interest protected by Kansas law. *See Anco Constr. Co., Ltd. v. Freeman*, 236 Kan. 626, 629, 693 P.2d 1183 (1985).

The moving defendants cite *Harris v. Board of Public Utilities of Kansas City, Kan.*, 757 F.Supp. 1185 (D.Kan.1991) for the proposition that exceptions to Kansas' employment at will doctrine are only available when the employee is without any other remedy under either state or federal law. *Id.* at 1193–94. Based on this "no other remedy available" test, the moving defendants contend that because the plaintiff's § 1983 Free Speech claim has the same factual basis as the plaintiff's Whistleblower and Truthful testimony claims, those state law claims are precluded. In *Harris*, the plaintiff asserted, among other things, that the defendant vio-

lated his Free Speech rights when the defendant purportedly terminated him in retaliation for voicing complaints to his superiors concerning patronage hiring, for his support of a group of African American employees seeking retroactive seniority, and for his stance against the defendant's unlawful discrimination against minorities. *Id.* at 1192. The plaintiff also asserted a state common law retaliatory discharge claim alleging that the defendant illegally terminated him based on his opposition to the defendant's patronage hiring and discriminatory employment practices. *Id.* at 1193. The *Harris* court concluded that the plaintiff had sustained his summary judgment burden with respect to his free speech claim; however, it declined to recognize the plaintiff's state law retaliatory discharge claim as a public policy exception to Kansas' employment at will doctrine because the plaintiff had other alternative remedies under federal or state law. *Id.* at 1193–94 (citing *Tarr v. Riberglass, Inc.*, No. 83–4234, 1984 WL 1481 at *2–3 (D.Kan. Feb.3, 1984) (holding no public policy exception to Kansas' employment at will doctrine for age discrimination because the plaintiff has an existing alternative remedy); *Polson v. Davis*, 635 F.Supp. 1130, 1149–50 (D.Kan. 1986) (holding no public policy exception to Kansas' employment at will doctrine for sex discrimination and retaliation for engaging in opposition to such discriminatory employment practices because the plaintiff has an existing alternative remedy), *aff'd by*, 895 F.2d 705 (1990)).

In order to prevail on his retaliatory discharge claims, the plaintiff must demonstrate either (1) that Kansas courts have already recognized his retaliatory discharge claims as exceptions to its employment at will doctrine or (2) that the conduct on which his retaliatory discharge claims are based is protected by Kansas public policy and no alternative state or federal remedy exists. The plaintiff does not cite and the court cannot find any authority recognizing the plaintiff's theories as exceptions to Kansas' employment at will doctrine. Moreover, the court is disinclined to recognize new exceptions to

Kansas' employment at will doctrine "... in the absence of a more definitive statement from Kansas courts or the Kansas Legislature of a public policy in Kansas to make a wrongful discharge cause of action available in this context." *Collins v. Old Republic Title Co. of K.C.*, No. 96–2246, 1996 WL 439295 at *3 (D.Kan. July 10, 1996) (citations omitted). Furthermore, § 1983 provides the plaintiff an adequate alternative vehicle to pursue his injuries purportedly caused by his termination in retaliation for his arbitration testimony. *Harris*, 757 F.Supp. at 1993–94. As a result, the court grants the moving defendants' motions to dismiss these claims pursuant to Fed.R.Civ.Pro. 12(c). *Mansfield*, 1996 WL 648686 at *1.

**2. Deprivation of the plaintiff's protected Fourteenth Amendment due process property interest in his continued employment (Count IV).[4]**

To establish entitlement to procedural due process, a plaintiff must demonstrate a property interest in the benefit for which protection is sought. *See Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Baker v. White*, No. 96–4039, 1997 WL 122589 at *1 (10th Cir. Mar 19, 1997)(citing *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709). To determine the plaintiff's property interest in his continued employment, the court must look to Kansas law. *Baker*, 1997 WL 122589 at *1 (citations omitted).

The plaintiff alleges in his complaint that he has a protected property interest in his continued employment "... at least to the extent he could not be terminated in retaliation for engaging in whistleblowing or for engaging in speech protected as a matter of public policy pursuant to state law." *First Amended Complaint*, at 6. The moving defendants argue that the plaintiff does not have a protected property interest in his

---

4. In his memorandum, the plaintiff abandoned his claim to the extent he asserted the defendants deprived him of any liberty interest. *Pl.'s Mem. in Op.*, at 25 n. 14.

continued employment as he describes it. The plaintiff asserts that *Kistler v. Life Care Centers of Am.*, 620 F.Supp. 1268, 1270 (D.Kan.1985) (holding that an employer in Kansas cannot terminate an at will employee for testifying at an unemployment compensation hearing), *Palmer v. Brown*, 242 Kan. 893, 752 P.2d 685 (1988) (holding that an employer in Kansas cannot terminate an at will employee for reporting, in good faith, to either company management or law enforcement officials, a serious infraction of the law by a co-worker or an employer), and *Bishop v. Fed. Intermediate Credit Bank*, 908 F.2d 658, 662 (10th Cir.1990) (holding that an employer in Oklahoma cannot terminate an at will employee for testifying in a legislative hearing), establishes the requisite state law basis for his alleged property interest.

The plaintiff's authority does not provide a basis on which the court could conclude that the plaintiff had a protected due process property interest in his continued employment in the manner he asserts. None of these cases are analogous to the plaintiff's situation, i.e., testifying adversely against his employer in an arbitration between his employer and a contractor. Moreover, the court has found no Kansas authority which supports the plaintiff's argument. Thus, the court concludes that the plaintiff has no protected due process property interest on which to base his deprivation claim. *Baker*, 1997 WL 122589 at *1. As a result, the court grants the moving defendants' motions to dismiss this claim pursuant to Fed.R.Civ.Pro. 12(c). *Mansfield*, 1996 WL 648686 at *1.

### 3. ADA—supervisor liability (Count V).

■ The Tenth Circuit has recently reaffirmed that liability under Title VII is appropriately borne by employers, not individual supervisors. *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir.1996) (rejecting *Ball v. Renner*, 54 F.3d 664 (10th Cir.1995) to the extent it is contrary to *Sauers v. Salt Lake County*, 1 F.3d 1122 (10th Cir.1993)). The moving defendants argue that because the ADA's definition of "employer" is the same as Title VII's definition (see 42 U.S.C. § 12111(5)(A) and 42 U.S.C. § 2000e(b)), the plaintiff's ADA claim against them should be

dismissed because the City of Prairie Village was the plaintiff's employer, not them.

The plaintiff recognizes that this court is bound to follow Tenth Circuit precedent. *See United States v. Spedalieri*, 910 F.2d 707, 709 n. 2 (10th Cir.1990). The Tenth Circuit has interpreted the exact same statutory language as precluding supervisor liability. *See Haynes*, 88 F.3d at 901. Moreover, the *Haynes* Court approvingly cites a Seventh Circuit case that specifically addressed and rejected the notion of supervisor liability under the ADA. *Id.* (citing *U.S.E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir.1995)). Thus, the court concludes that the Tenth Circuit would reject the notion of supervisor liability under the ADA. *Id.* As a result, the court grants the moving defendants' motions to dismiss this claim pursuant to Fed.R.Civ.Pro. 12(c). *Mansfield*, 1996 WL 648686 at *1.

### 4. ADEA—employer status (Count VI).

■ The ADEA defines "employer" as

a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.... The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State....

29 U.S.C. § 630(b). The moving defendants contend that they are not subject to suit under the ADEA because the ADEA's statutory language does not include agents of state political divisions. In support of their argument, the moving defendants cite three District of Kansas decisions that have reached this conclusion: *Wanner v. State of Kan.*, 766 F.Supp. 1005, 1007 (D.Kan.1991) (Rogers, J.); *Young v. Sedgwick County*, 660 F.Supp. 918, 924 (D.Kan.1987) (Theis, J.); *Ditch v. Bd. of County Comm'rs*, 650 F.Supp. 1245 (D.Kan.1986) (Saffels, J.), *modified on other grounds*, 669 F.Supp. 1553 (D.Kan. 1987). The plaintiff argues that these decisions are wrongly decided and that, accordingly, the court should follow authority outside this circuit that has interpreted the

ADEA's statutory language as permitting suits against agents of state political divisions. The court disagrees.

Unlike Title VII's definition of "employer" (42 U.S.C. § 2000e(b)), the ADEA's definition does not include agents of state agencies. 29 U.S.C. § 630(b)(2). It would have only required the insertion of the short phrase "and their agents" in 29 U.S.C. § 630(b)(2) to express Congress' intent to hold individuals such as the moving defendants liable for age discrimination. *Ditch,* 650 F.Supp. at 1251. Thus, in order to permit the plaintiff to sue the moving defendants under the ADEA, the court would be forced to rewrite the ADEA statute. As Judge Rogers stated, "This is a job for Congress, not for this court." *Wanner,* 766 F.Supp. at 1007. As a result, the court grants the moving defendants' motions to dismiss this claim pursuant to Fed.R.Civ.Pro. 12(c). *Mansfield,* 1996 WL 648686 at *1.

### 5. *Outrage (Count VII).*

In Count VII of the plaintiff's First Amended Complaint, the plaintiff asserts that the moving defendants' intentional, deliberate, and malicious actions toward the plaintiff were extreme and outrageous when considering their knowledge of the plaintiff's physical and emotional conditions and caused the plaintiff to suffer severe emotional distress. The moving defendants contend that this allegation is insufficient to state a claim of outrage against them. The court disagrees. At the motion to dismiss stage, the court is required to accept all well pleaded facts as true. *Swanson,* 750 F.2d at 813. Thus, liberally construing the plaintiff's First Amended Complaint and viewing all reasonable inferences in favor of the plaintiff, the court cannot say that it appears beyond a doubt that the plaintiff can prove no set of facts in support of his outrage claim that would entitle him to relief. *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–02; *City of Lawrence,* 927 F.2d at 1115. As a result, the court concludes that the plaintiff is entitled to offer evidence to support his outrage claim and denies the moving defendants' motions with respect to this claim. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686.

### 6. *Conspiracy (Count VIII).*

In Count VIII of his First Amended Complaint, the plaintiff alleges that the defendant's actions outlined in his First Amended Complaint constitute an unlawful conspiracy to deprive the plaintiff of his various rights protected under Kansas common law, the U.S. Constitution, the ADA, and the ADEA. Although he does not specify, it appears that the plaintiff is asserting this civil conspiracy under federal statutory law (§ 1983) as well as Kansas common law. The moving defendants argue that the plaintiff's conspiracy theory fails under both state and federal law. Specifically, the moving defendants contend that because they are alleged by the plaintiff to have operated at all times within the scope and course of their employment, they cannot conspire with their corporate employer or with themselves, thereby making it impossible to satisfy the two or more persons requirement of a conspiracy.

### a. *State civil conspiracy.*

In *May v. Santa Fe Trail Transp. Co.,* 189 Kan. 419, 370 P.2d 390 (1962), the Kansas Supreme Court addressed the issue of whether a corporate employer and its individual employees acting in their official capacities could unlawfully conspire to cause the termination of another employee. The *May* court noted that in order to state a claim under a civil conspiracy theory, the plaintiff needed to plead facts which establish the requisite elements. *Id.* at 424, 370 P.2d 390. Those elements are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof. *Vetter v. Morgan,* 22 Kan. App.2d 1, 8, 913 P.2d 1200 (1995) (citing *State ex rel. Mays v. Ridenhour,* 248 Kan. 919, 927, 811 P.2d 1220 (1991)), *review denied,* (June 13, 1995). The May court concluded that a corporate defendant could not conspire with its employees, who are acting in their official capacity and not for their own individual advantage, because their acts must be regarded as the acts of the corporation. *May,* 189 Kan. at 424, 370 P.2d 390.

The moving defendants' argument is based on an extension of the *May* decision. Specifically, the moving defendants assert that if all of them were acting in their official corporate capacities and not for their own individualized advantage, then they cannot conspire with themselves because all of their acts must be regarded as acts of their corporate employer, thereby making it impossible to satisfy the two or more persons requirement of a conspiracy. The court agrees with the moving defendants' logical extension of the May decision and concludes that under Kansas law employees working in their corporate capacity and not for their individual advantage cannot conspire with each other because their conduct is actually attributable to one single entity, their corporate employer. *See May,* 189 Kan. at 424, 370 P.2d 390. As a result, the court grants the moving defendants' motions to dismiss this claim pursuant to Fed.R.Civ.Pro. 12(c). *Mansfield,* 1996 WL 648686 at *1.

### b. Federal civil conspiracy under 42 U.S.C. § 1983.

In *Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119 (10th Cir.1994), the Tenth Circuit addressed the issue of whether a corporate employer and its employees could conspire, in violation of 42 U.S.C. § 1985(2), to deter other employees from testifying before a grand jury. The *Brever* court rejected the applicability of the "intracorporate conspiracy doctrine," concluding that a corporation can conspire with its corporate agents in the civil rights context. *Id.* at 1127. In support of this conclusion, the *Brever* court stated,

> In these situations, the action by an incorporated collection of individuals creates the 'group danger' at which conspiracy liability is aimed, and the view of the corporation as a single legal actor becomes a fiction without a purpose.

*Id.* (quoting *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 603 (5th Cir.1981)). The *Brever* court further concluded that even those circuits that have extended the "intracorporate conspiracy doctrine" to civil rights cases would not apply it here because the corporate agents had an independent personal stake in achieving the conspiracy's illegal objective, i.e., preventing the plaintiffs from implicating them in a criminal matter. *Id.* (citations omitted).

Applying *Brever* to this case, the court concludes that the plaintiff's federal conspiracy claim states a claim upon which relief may be granted. The plaintiff has properly averred an underlying federal statutory and constitutional basis for his § 1983 conspiracy. *Dixon v. City of Lawton, Okl.,* 898 F.2d 1443, 1449 n. 6 (10th Cir.1990). Moreover, the *Brever* decision specifically undermines the moving defendants' argument that a corporation and its corporate employees acting in their official corporate capacities cannot conspire with each other to violate another employee's federal civil rights. *Id.* at 1127. As a result, the court concludes that the plaintiff is entitled to offer evidence to support his conspiracy to violate his federal civil rights claim and denies the moving defendants' motions with respect to this claim. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686.

### 7. Damages.

Paragraph 19 of the plaintiff's First Amended Complaint avers that "In or around November 1995, Plaintiff was an incapacitated person." The moving defendants contend that the plaintiff is not entitled to any future damages beyond November of 1995 because the plaintiff could not adequately mitigate his damages after he became incapacitated. The court disagrees. Liberally construing the plaintiff's complaint and viewing all reasonable inferences in the plaintiff, the court concludes that it cannot determine as a matter of law at the motion to dismiss stage whether or not the plaintiff properly mitigated his damages after November of 1995 simply based on the plaintiff's averment in his complaint that he was incapacitated in November of 1995. *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–02. As a result, the court denies the moving defendants' motions to dismiss on the pleadings as to this issue. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686.

**IT IS THEREFORE ORDERED BY THE COURT** that the moving defendants' motions to dismiss on the pleadings (Docs. # 69 and # 75) are granted with respect to

Count I, Count II, Count IV, Count V, Count VI, and Count VIII to the extent it is based on Kansas law and denied with respect to Count VII, Count VIII to the extent it is based on federal law, and the issue of future damages.

**IT IS SO ORDERED.**